IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:19-CR-253-2 |
| v. | The Honorable T.S. Ellis, III |
| DARRYL JULIUS POLO,<br>a/k/a djppimp, | Sentencing Date: May 7, 2021 |
| *Defendant.* | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S POSITION ON SENTENCING

In his sentencing memorandum, defendant Darryl Polo argues that judges in the Eastern District of Virginia and nationwide have imposed below-guidelines sentences "in copyright infringement cases involving the distribution of infringing material through sites similar to Jetflicks and ISIA [iStreamItAll]," and thus the Court should sentence him to a below-Guidelines sentence. Def's Sentencing Memo at 12. As support, the defendant provides a chart regarding the sentencings of 22 defendants in 17 cases in EDVA in Alexandria and eight cases in other districts. *Id.* at Exh. 3 and 4.[1] The defendant then focuses on two cases in particular—"NinjaVideo" and "Megaupload"—and contends that they are "similar to this case," resulted in below-Guidelines sentences, and require the Court to impose a below-Guidelines sentence for the defendant in this case to "avoid unwarranted sentencing disparities." *Id.* at 10-12. Because that claim is meritless, the United States files this brief memo in response.

---

[1] The government also takes this opportunity to correct an error in its sentencing memorandum. There, the government correctly stated that the defendant has a total offense level of 23 and a criminal history category of II but erroneously stated that this resulted in a Guidelines range of 46-57 months. In fact, the defendant's Guidelines range is 51-63 months. The government believes a sentence of 57 months is warranted and appropriate in this case.

The defendant's argument relies on 18 U.S.C. § 3553(6). That section provides, in relevant part, that the Court, in determining the particular sentence to be imposed, shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...." *Id.* The key word here is "unwarranted." As the Fourth Circuit has stated, if the "comparators to whom [a defendant] points were not similarly situated ... sentencing disparities ... are expected and appropriate." *United States v. Smith*, 836 Fed. Appx. 149, 153 (4th Cir. 2020). Moreover, § 3553(6) is just one of the factors to be considered under § 3553, in addition to the nature and circumstances of the offense; history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.

The defendant's attempt to compare this case to the NinjaVideo and Megaupload cases fails for three reasons. First, the defendant's case is unique and significantly different than the cases summarized in the defendant's exhibits. The defendant helped build and run two of the biggest illegal streaming services in the U.S. PSR at ¶ 17, 21, and 30. Those services were larger than any legitimate streaming services—including Netflix, the most popular licensed streaming service in the world—and were responsible for tens of millions of infringements. *Id.* at 19 and 23. And he also ran other piracy businesses, making over $1 million from all these illegal enterprises. *Id.* at 23, 37-39. In comparison, no case the defendant cites involves anything close to the same conduct. In fact, many of the cases the defendant lists pertain to individuals running what appear to be relatively small operations distributing specific counterfeit works. The first case cited by the defendant, *United States v. Adkins*, 13-cr-165 (EDVA; Lee, J.), is a good example. Def's Sentencing Memo Exh. 3 at 1. In this case, the defendant admitted that he shipped six copies of counterfeit Rosetta Stone audiovisual works into the district and made a total of around $102,000

selling counterfeit versions of this software. Adkins Statement of Facts, Dkt. 7, at 2. Since he was selling the works for around $200-$320 each, that means he sold around 320-500 of them.

Second, the case listed by the defendant in his exhibits that has the largest infringement amount is *United States v. Ferrer*, 1:06-cr-222 (E.D. Va. 2006) (Ellis, J.), and in that case this Court sentenced Ferrer within the applicable Guidelines range. According to the defendant, in *Ferrer*, the infringement amount was a high as $20 million and the defendant sold more than $4 million of counterfeit software. Def's Sentencing Memo Exh. 3, at 3. Moreover, the total offense level was 27, the criminal history category was I, and the Guidelines range was 70-87 months—and the Court sentenced Ferrer to 72 months in prison. *Id.*; Ferrer Judgment, Dkt. 16. Before sentencing Ferrer, the Court noted, "You extended your hand into the pockets of these people. If severe penalties were not attached, people would line up from here to Los Angeles to do what you've done." *See* https://www.theledger.com/article/LK/20060826/News/608147760/LL. In the instant case, the Guideline range is lower than the *Ferrer* case but only because the defendant pleaded guilty early, before the government was able to estimate the full infringement amount. The government abides by its agreement with the defendant regarding the Guidelines recommendation in the plea agreement but remains free to suggest that the Court can consider the defendant's actual estimated infringement amount under § 3553. Polo Plea Agreement, Dkt. 132, at ¶ 4. Accordingly, the government notes that the defendant's estimated infringement amount is around $48 million for both iStreamItAll and Jetflicks. PSR, at ¶ 23.

Third, the two cases on which the defendant focuses in his Position on Sentencing—"NinjaVideo" and "Megaupload"—are not similar to this case and do not mandate that the Court impose a below-Guidelines sentence under § 3553.

The NinjaVideo case, 1:11-cr-447 (E.D. Va. 2012) (Trenga, J.), involved four defendants including Hana Beshara and Matthew Smith. For about 2.5 years, they ran a website where users

could download infringing movies for free; however, for a minimum "donation" of $25, users could get access to additional infringing material. NinjaVideo Indictment, Dkt. 1, at 1-2. The defendants earned around $500,000 from "donations" and advertising, with Beshara receiving $210,000 and Smith $172,000. *Id.*; Gov't Sentencing Memo for Beshara ("Beshara Memo"), Dkt. 91, at 2; Gov't Sentencing Memo for Smith ("Smith Memo"), Dkt. 75, at 2. In their pleas, Beshara and Smith both agreed to an infringement amount of $400,000 to $1,000,000, although the actual infringement amount for the operation was apparently higher. Beshara Memo at 4 and 10; Smith Memo at 3. Beshara had a Guidelines range of 46-57 months but received a sentence of 22 months, and Smith had a Guidelines range of 34-42 months (after the government's motion under § 5K1.1 of the Guidelines) but received a sentence of 14 months. Beshara Memo at 5; Beshara Judgment, Dkt. 99; Smith Memo, at 4; Smith Judgment, Dkt. 119.

      The defendant suggests that his case is similar to NinjaVideo, and that because Beshara and Smith received below-Guidelines sentences, he should as well. However, the NinjaVideo and ISIA/Jetflicks operations were totally different. For one thing, Beshara, Smith, and the other defendants did not provide the content for the website; rather, various "uploaders" located the infringing copies of movies on pirate sites and made them available for others through the NinjaVideo website. NinjaVideo Indictment at ¶¶ 1-9. Essentially, the NinjaVideo defendants provided the administration and infrastructure for sharing pirated movies; others provided the content. *Id.* Moreover, Beshara and Smith's history and characteristics were very different than the defendant. Beshara, 30 years old, styled herself a modern-day Robin Hood who was engaged in "civil disobedience" against the "injustice" of intellectual property. Beshara Memo at 6-7. She used the money she earned to repay student loans and take foreign vacations. *Id.* at 7. Smith, a 24-year-old, claimed that he had mental health issues including Asperger syndrome. Smith Memo at 1, 4-7; Gov't Suppl. Position on Sentencing, Dkt. 103, at 1-7; Response of Gov't to Def.'s Supp.

4

Filing, Dkt. 110, at 1-8.  In any event, the scale and duration of Beshara and Smith's involvement with piracy was much less than the defendant's criminal conduct, and they also made less money.  Indeed, the defendant admitted running ISIA for five years and running other piracy operations earlier than that, and stated that he made over $1 million doing so.  PSR at ¶¶ 26 and 37-39.  Moreover, the defendant was undeterred by a court judgment against him in 2010 in the amount of $250,000 for satellite piracy and continued operating ISIA even after the FBI searched his house and he was indicted.  *Id.* at ¶¶ 1, 21-22, and 123.

Next, the defendant cites the sentencing of Andrus Nomm, one of the defendants in the Megaupload case, 1:12-cr-3 (E.D. Va. 2015) (O'Grady, J.).  Nomm's case was also very different than the defendant's.  In that matter, the government and Nomm entered into a Rule 11(c)(1)(C) plea agreement in which the parties agreed that Nomm's total offense level was 40 but that "the Court shall sentence [Nomm] to a term of incarceration of 1 year and 1 day..." Nomm Plea Agreement at ¶ 4.  Three years earlier, Nomm had been arrested in the Netherlands, and he subsequently agreed to waive his extradition hearing there and plead guilty in the United States.  *See* https://www.justice.gov/opa/pr/member-megaupload-conspiracy-pleads-guilty-copyright-infringement-charges-and-sentenced-one.  In light of his role in the conspiracy (the parties agreed that he was a minor participant) and his acceptance of responsibility, the government agreed to recommend a sentence of a year and a day.  *Id.*; Nomm Plea Agreement at ¶ 4.  The Court accepted the plea agreement and sentenced the defendant accordingly.  Nomm Judgment, Dkt. 205.  The defendant concedes that he is "not ... exactly situated" to Nomm.  Def.'s Sentencing Position at 12.  But in fact the defendant's case is not similar at all to Nomm's.  For one thing, in the instant case, the plea agreement with the defendant is pursuant to Rule 11(c)(1)(A) and (B), and the parties agreed to an adjusted offense level of at least 24 and did not agree on any further sentencing issues.

5

In short, the defendant is unable to point to other cases where defendants with similar records have been found guilty of similar conduct and received below-Guidelines sentences, and thus he cannot show that it would cause "unwarranted sentence disparities" for him to receive a Guidelines sentence. Def.'s Sentencing Memo at 12. Accordingly, the defendant's argument is meritless.

                                                Respectfully submitted,

Date: May 5, 2021                           Raj Parekh
                                                Acting United States Attorney

                                                /s/
                                              Matthew A. Lamberti
                                              Special Assistant United States Attorney,
                                                  Eastern District of Virginia
                                              Senior Counsel,
                                                 Computer Crime and Intellectual Property Section
                                              United States Department of Justice
                                              1301 New York Avenue, NW, Suite 600
                                              Washington, DC 20530
                                              Phone: (202) 514-1026
                                              Email: Matthew.Lamberti@usdoj.gov

                                                /s/
                                              Alexander P. Berrang
                                              Monika Moore
                                              William E. Fitzpatrick
                                              Assistant United States Attorneys
                                              United States Attorney's Office
                                              2100 Jamieson Avenue
                                              Alexandria, Virginia 22314
                                              Phone: (703) 299-3700
                                              Fax: (703) 299-3981
                                              Email: Alexander.P.Berrang@usdoj.gov
                                              Email: Monika.Moore4@usdoj.gov
                                              Email: William.Fitzpatrick@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) of the foregoing to the attorneys for the defendants.

By: _____/s/_____
Matthew A. Lamberti
Special Assistant United States Attorney,
  Eastern District of Virginia
Senior Counsel,
  Computer Crime and Intellectual Property
Section United States Department of Justice
1301 New York Avenue, NW, Suite 600 Washington, DC 20530
Phone: (202) 514-1026
Email: Matthew.Lamberti@usdoj.gov