IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:19-cr-253-2 |
| ) | |
| DARRYL JULIUS POLO, ) | |
| a/k/a djppimp, ) | |
| ) | |
| Defendant. ) | |

FILED IN OPEN COURT

MAY - 7 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## CONSENT ORDER OF FORFEITURE

WHEREAS, on December 12, 2019, the defendant, Darryl Julius Polo, pleaded guilty to Counts One, Six, Eight, Eleven, and Sixteen of the indictment.

Count One charges the defendant with conspiracy to commit criminal copyright infringement, in violation of Title 18, U.S. Code, Section 371;

Count Six charges the defendant with criminal copyright infringement by distributing a copyrighted work being prepared for commercial distribution in violation of Title 17, U.S. Code, Section 506(a)(1)(C) and Title 18, U.S. Code, Sections 2319(d)(2) and 2;

Count Eight charges the defendant with misdemeanor criminal copyright infringement by reproduction or distribution in violation of Title 17, U.S. Code, Sections 506(a)(1)(A) and 106(1) and (3) and Title 18, U.S. Code, Sections 2319(b)(3) and 2;

Count Eleven charges the defendant with misdemeanor criminal copyright infringement by public performance in violation of Title 17, U.S. Code, Sections 506(a)(1)(A) and 106(4) and Title 18, U.S. Code, Sections 2319(b)(3) and 2; and

Count Sixteen charges the defendant with money laundering in violation of Title 18, U.S. Code, Sections 1956(a)(1)(A)(i) and (B)(i) and 2. In the plea agreement, the defendant agreed to

the entry of a forfeiture money judgment and the forfeiture of assets that are the subject of this order;

WHEREAS, the defendant obtained at least $1,000,000.00, an amount that represents the proceeds obtained by the defendant from his participation in the conspiracy to commit criminal copyright infringement, and an amount for which the defendant will be solely liable;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in the indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:

1. The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2 (b)(1) & (2), 18 U.S.C. §§ 982(a)(1), 981(a)(1)(C), 2323, and 28 U.S.C. § 2461(c) against the defendant, Darryl Julius Polo, for $1,000,000.00, an amount that represents the illegal proceeds the defendant obtained during his participation in the conspiracy to commit criminal copyright infringement, in violation of Counts One, Six, Eight, and Eleven of the indictment and property involved in Count Sixteen of the indictment, and an amount for which the defendant shall be solely liable.

2. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets. The defendant stipulates and the Court finds that the requirements of 21 U.S.C. § 853(p)(1) are satisfied.

3. Pursuant to 18 U.S.C. §§ 982(a)(1) and 2323, the following property seized on or about November 16, 2017, from the defendant is forfeited to the United States of America as property involved in Count Sixteen of the indictment, and property used, or intended to be used, in any manner or part to commit or facilitate the offenses set forth in Counts One, Six, Eight, and Eleven, of the indictment:

    i.    ASUS tablet, silver, serial number C8OKAS022381;

    ii.    Toshiba hard drive, red, serial number 76VETTIVTPGC;

    iii.    WD "My Passport Ultra" hard drive, serial number WXG1A96ESY9F;

    iv.    Seagate Expansion portable hard drive, serial number NA8C4BKK;

    v.    Sandisk 4GB thumb drive, black and white, model SDZC36-004G, serial number BH0904NVPN;

    vi.    Apple MacBook Pro, silver, serial number C0ZN60E1GQC;

    vii.    Seagate Expansion desktop hard drive, black, model SRD0NFZ, serial number NA8F94HM;

    viii.    LG Computer Tower in Cooler Master case, serial number RC310BKR20094500338;

    ix.    Seagate Expansion desktop hard drive labeled "Wii-U," black, serial number NA8F7RU5;

    x.    Seagate Expansion desktop hard drive labeled "Xbox-360," black, serial number NA8F7RTK;

    xi.    Seagate Expansion desktop hard drive labeled "PS-3," black, serial number NA8F7JZA;

    xii.    Apple MacBook Air, silver, serial number C17MXDB3G085;

xiii. DREVO X1 60 GB solid state drive, serial number TSTA17616601528;

xiv. Computer tower in Corsair case, serial number 054615029704;

xv. Computer tower in Thermaltake case, serial number CA1B600F1NN02MI000197;

xvi. Toshiba 500 GB hard drive, serial number Z370CL58T;

xvii. HGST hard drive, part number 0FI4696, serial number LAGJZ1ZH;

xviii. Computer tower serial number 1480237;

xix. Computer tower in Thermaltake case, white, serial number VN40006WTN1201007225;

xx. SoftLayer server, serial number NCUREK0052;

xxi. Hitachi hard drive, serial number 100413PBPA088BDP887L;

xxii. Seagate Backup Plus portable hard drive, serial number NA98GTM8;

xxiii. Unirex 8GB thumb drive;

xxiv. Kingston 8GB Micro SD card serial number 5150885508;

xxv. Apple iPhone, model A1688, gold and white;

xxvi. Grey Apple iPhone X;

xxvii. Samsung Galaxy S6 Edge cell phone, model SM-G92ST, IMEI number 359715061543880;

xxviii. Seagate Constellation hard drive, model ST31000524NS, serial number 9WK3NL8N;

xxix. Samsung 1TB hard drive, model HD103SJ, serial number S246J9FB904548; and

xxx. Toshiba laptop computer, blue, part number PLLB0U-015008.

4

4. Pursuant to 18 U.S.C. §§ 982(a)(1) and 2323, the following property is forfeited to the United States of America as property involved in Count Sixteen of the indictment, and property used, or intended to be used, in any manner or part to commit or facilitate the offenses set forth in Counts One, Six, Eight, and Eleven, of the indictment:

    i.    Any interest the defendant may have in a Drobo 5D direct attached storage array, model DRDR5-A, serial number DRB141901700606, containing a Plextor M6M 64GB mSATA solid state drive, model PX-64M6M, provided by Kristopher Dallmann to agents on or about November 20, 2017; and

    ii.    The following domain names used by the defendant: istreamitall.com; and istreamitall.mobi.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civ. P. 45, the issuance of subpoenas.

6. The Attorney General, Secretary of Homeland Security, Secretary or the Treasury, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

7. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov, for 30 consecutive days, and to the extent

practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

8. This forfeiture order is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4)(A).

9. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

10. If no third party files a timely petition, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

11. If this Court grants any third-party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

May 7, 2021
Alexandria, Virginia

_____
District Judge T.S. Ellis, III

WE ASK FOR THIS:

Raj Parekh
Acting United States Attorney
Eastern District of Virginia

By: _____
Matthew A. Lamberti
Special Assistant United States Attorney,
 Eastern District of Virginia
Senior Counsel,
 United States Department of Justice

_____
Alexander P. Berrang
Monika Moore
William E. Fitzpatrick
Assistant United States Attorneys

_____
Darryl Julius Polo
Defendant

_____
Elizabeth Mullin, Esq.
Counsel for the Defendant